UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRUCE BENNETT, <br>     Plaintiff, <br>     v. <br> STATE OF CALIFORNIA, et al., <br>     Defendants. | NO. CV 08-8333-UA (AGR) <br><br> ORDER TO SHOW CAUSE |

On December 18, 2008, Plaintiff filed an Application for Waiver of Court Fees and Costs, which the Court has construed as a request to proceed without prepayment of filing fees. Plaintiff also lodged a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983.

For the reasons discussed below, the Court orders Plaintiff to show cause, on or before *January 26, 2009*, why this Court should not recommend denial of Plaintiff's request to proceed without prepayment of filing fees based on improper venue.

**I.**

**THE COMPLAINT**

On pages 3 and 4 of the civil rights complaint form, Plaintiff lists five

defendants in their official capacity: Linda Ruth Barnett, a sheriff's "informant" whose address is in Niland, California;[1] the Imperial County Sheriff in El Centro, California; Robert C. Archibald, an attorney in El Centro, California; Aurora Behavioral Health Care ("Aurora") or the CEO of Aurora, in San Diego, California; and Dr. Frost, a psychiatrist with Aurora.[2]

The following is a summary of Plaintiff's allegations. In May of 2005, his physician referred him to Aurora for treatment of depression. While at Aurora, Dr. Frost treated Plaintiff with the drug Effexor. Plaintiff experienced serious side effects related to the administration of Effexor. Subsequently, apparently as a result of those side effects, Plaintiff was arrested for attempted murder and incarcerated at the county jail. Plaintiff pled guilty in the San Diego Superior Court, Imperial County, in Case No. JCF15779. While in jail, Plaintiff was given excessive drugs, "kept in cold storage," and "tortured" by putting crickets in the air vent of his jail cell in an attempt to drive him mad. Defendant Archibald, his counsel, railroaded him into pleading guilty.

Plaintiff lists his claims on page 5 of the civil rights complaint form as wrongful conviction; violation of due process; ineffective assistance of counsel; conflict of interest at the McNaughton hearing; collusion by Barnett, the sheriff, the prosecution, and his counsel; cruel and unusual punishment, false imprisonment, lockdown without due process, and social security fraud. Elsewhere in the complaint, Plaintiff also notes double jeopardy.

## II.

## **VENUE**

"A civil action wherein jurisdiction is not founded solely on diversity of

---

[1] Niland is located in Imperial County, California.

[2] Plaintiff also names the State of California on the caption page of the complaint. It is not clear whether Plaintiff intends to name California as a defendant.

2

citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (applying § 1391(b) to § 1983 claim).

All defendants in this action reside in the Southern District of California. All of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District.[3]

Accordingly, Plaintiff must explain why his request to proceed without prepayment of fees in this district should not be denied. *See Costlow*, 790 F.2d at 1488 ("the district court ha[s] the authority to raise the issue of defective venue on its own motion"); *Alexandria v. United States*, 2007 WL 2947461, *1 (S.D. Cal. 2007) (dismissing complaint for lack of venue at the *in forma pauperis* stage); *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district, shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **January 26*, 2009*, Plaintiff shall show cause, if there be any, why this Court should not deny Plaintiff's request to proceed without prepayment of fees.

---

[3] Although venue does not depend on a plaintiff's residence, Plaintiff is currently incarcerated in the Eastern District of California.

*Plaintiff is also advised that if he fails to timely respond to this Order to Show Cause, the Court will recommend denial of Plaintiff's request to proceed without prepayment of fees.*

DATED:  January 6, 2009

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

4